IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:12-CV-0171-D |
| | § | |
| ANDREW D. DILLARD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to remand this removed case to county court is granted, at least for the reason that the case was removed based on diversity of citizenship, the removing defendant is a Texas citizen, and the removing defendant does not assert that he was not properly joined or served. The court also finds that the defendant lacked an objectively reasonable basis for seeking removal, grants plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c), and awards plaintiff the sum of $2,000 in attorney's fees.

I

Defendant Andrew D. Dillard ("Dillard") removed this action based on diversity of citizenship. *See* Notice of Removal 2-3. He alleged that he and all other defendants are citizens of Texas. *Id.* at 2. On January 19, 2012 the court filed an order advising the parties that the case was not removable based on diversity of citizenship because an in-state citizen is a defendant. *See* 28 U.S.C. § 1441(b). Citing *U.S. Bank, N.A. v. Nelson*, 2011 WL 6096250, at *2 (N.D. Tex. Dec. 6, 2011) (Fitzwater, C.J.), the court cautioned Dillard that,

despite his *pro se* status, the court had awarded attorney's fees under 28 U.S.C. § 1447(c) against a *pro se* Texas citizen defendant who had removed a case based on diversity of citizenship where, as here, 28 U.S.C. § 1441(b) clearly precluded removal. After the court filed the order, plaintiff Midfirst Bank ("Midfirst") filed on February 14, 2012 a timely motion to remand and for attorney's fees. Dillard has not responded to the motion.

## II

Midfirst maintains for several reasons that removal was defective and that the case must be remanded. The court need only address one ground of the motion: that a case cannot be removed based on diversity jurisdiction where a properly joined defendant is an in-state citizen. *See* P. Br. 10. Midfirst is correct, *see* 28 U.S.C. § 1441(b); therefore, the court need not reach any of the other grounds on which Midfirst relies. Even though there is complete diversity of citizenship, the removal statute does not permit removal when, for example, the federal court sits in Texas and there is a properly-joined and served *Texas* citizen defendant. Dillard's notice of removal admits that he is a Texas citizen, Notice of Removal 2, and that he has been served, *id.* at 1. He does not allege that he was improperly joined. Midfirst's motion to remand is therefore granted.

## III

The court grants Midfirst's motion for attorney's fees because Dillard lacked an objectively reasonable basis for seeking removal. The statute that permits removal based on diversity of citizenship clearly provides that such an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which

such action is brought."  28 U.S.C. § 1441(b).  In the court's January 19, 2012 order, it specifically admonished Dillard that the case was not removable based on diversity of citizenship because an in-state citizen is a defendant.  Yet Dillard took no action to concur in a remand of the case or to respond to Midfirst's motion to remand.

Midfirst has submitted uncontested evidence establishing that it is entitled to recover the sum of $2,000 as reasonable attorney's fees.  The court therefore awards this sum under 28 U.S.C. § 1447(c).

*   *   *

Accordingly, Midfirst's motion to remand is granted, and this case is remanded to County Court at Law No. 3 of Dallas County, Texas.  Midfirst is awarded the sum of $2,000 as reasonable attorney's fees, which Dillard must pay within 30 days of the date this memorandum opinion and order is filed.  The clerk shall effect the remand according to the usual procedure.

**SO ORDERED.**

March 15, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE